

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. E. Weaver
County Auditor
Necogdoches County
Nacogdoches, Texas

Dear Mr. Weaver:

Opinion No. O-1835
Re: Can a citizen legally be a
candidate for a county office
that is elective and on a
salary basis, and, at the
same time, be a candidate for
the elective office of Chair-
man of the County Democratic
Executive Committee, which is
a non-paying office?

Your request for an opinion on the above-stated
question has been received by this office.

Article 2940, Revised Civil Statutes, as amended,
would prohibit an individual from being a candidate for the
chairmanship of the Democratic Executive Committee and at
the same time a candidate for a county office. The pertin-
ant part of this statute reads as follows;

"No one who holds an office of profit or
trust under the United States or this State, or
in any city or town in this State, or within
thirty days after resigning or being dismissed
from any such office, except a notary public,
or who is a candidate for office, or who has
not paid his Poll Tax, shall act as judge, clerk,
or supervisor of any election; nor shall any
one act as chairman or as a member of any Dis-
trict, County or City Executive Committee of a
political party who has not paid his poll tax,
or who is a candidate for office, or who holds
any office of profit or trust under either the
United States or this State, or in any city or
town of this State; . . ." (Underscoring ours.)

It should be pointed out here that a candidate for
the chairmanship of a county political party is elected and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. E. Weaver, Page 2

enters into the duties of his office after any primary election at which he redeives a clear majority; whereas a candidate for a county office is not duly elected until the November election, and then does not take office until the following January. The resultant possible disqualifications and confusions are too obvious to mention. Suffice it to say that unless this statute is very closely followed, we could have a situation wherein a county chairman was supervising a contest of his own candidacy in a primary election.

Further, Article 2978, Revised Civil Statutes, prohibits a candidate from placing his name on the official ballot more than once, except as a candidate for two or more offices permitted by the Constitution.

Article 2978, Revised Civil Statutes. Official Ballot. "In all elections by the people, the vote shall be by official ballot, which shall be numbered, an election so guarded and conducted as to detect fraud and preserve the purity of the ballot. No ballot shall be used in voting at any general, primary or special election held to elect public officers, select candidates for office or determine questions submitted to a vote of the people, except the official ballot, unless otherwise authorized by law. . . . The name of no candidate shall appear more than once upon the official ballot, except as a candidate for two or more offices permitted by the Constitution to be held by the same person. . . ." (Underscoring ours.)

This department, in a letter opinion addressed to Mr. B. F. Kauffman, Chairman of the Democratic Executive Committee of Tarrant County, Texas, by the Honorable R. E. Gray, Assistant Attorney General, ruled on this question as follows:

"Can this party have his name placed on the ballot for the legislature, and also have his name printed on the ballot as a candidate for precinct chairman at the same election?"

After citing Article 2940, R. C. S. of Texas, as amended, Article 316, R. C. S., Article 2978, R. C. S., and Article 16, Section 40, of the Constitution, Mr. Gray concludes as follows:

"In view of the interpretation of the above

Honorable C. E. Weaver, Page 3

statutes and provisions of the Constitution, and
in answer to your first question you are advised
that it is our opinion that no candidate can have
his name placed on the ballot for two offices."

We agree with the conclusion reached by Mr. Cray,
but do not feel that Article 16, Section 40, of the Consti-
tution of the State of Texas applies to such a case. See
Walker v. Hopping, 226 S. W. 146; Walker v. Mobley, 103 S.W.
490; Coy v. Schnieder, 218 S. W. 479.

Therefore, it is the opinion of this department
that an individual cannot be a candidate for the county
chairmanship of the Democratic Party and a candidate for
another county elective office at the same time.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____
Frederik B. Isely
Assistant

FBI:LK

APPROVED JAN 29, 1940

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN